# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5164 | **DATE** | March 23, 2012 |
| **CASE TITLE** | Garner v. The City of Country Club Hills, Illinois et al | | |

**DOCKET ENTRY TEXT**

Motion hearing held. Defendant Country Clubs Hills' motion to compel [54], in connection with its Interrogatory ## 4, 8 and 11 and Request for Production of Documents ## 1, 2, 4, 6-15, 17-18, 19, 20-24 and 41-50, is granted in part and denied in part for the reasons stated in open court and as detailed in this order. Plaintiff is ordered to comply with this order by April 6, 2012. All matters relating to the referral of this action having been concluded, the referral is closed and the case is returned to the assigned District Judge.

■[For further details see text below.]  Notices mailed by Judicial staff.

00:50

# STATEMENT

Defendant Country Clubs Hills' ("CCH") motion to compel is granted in part and denied in part as detailed below and Plaintiff is ordered to comply with the following by April 6, 2012:

1. Defendant's Interrogatory ## 4, 8 and 11: The motion is denied as to Interrogatory ## 4 and 8. The motion is denied without prejudice as to Interrogatory #11. Plaintiff is not required to provide CCH with the information at this time. If CCH provides a reasonable basis for needing to search social network sites, it may file a motion seeking to revisit this particular request.

2. Defendant's Request for Production of Documents ## 1, 2, 4, 6-15, 17-18, 19, 20-24 and 41-50: The motion is granted as to Requests ## 1, 2, 4, 6-15, 17-18, 20-24 and 41-50 to the extent that Plaintiff is ordered to provide CCH with a formal response clarifying her initial response that she does not have additional responsive documents. To the extent that privileged responsive documents may exist, Plaintiff is ordered to provide CCH with a privilege log. If they do not exist, Plaintiff must clarify that she is not withholding any responsive documents. The motion is granted in part and denied in part as to Request #19. Plaintiff is ordered to amend her response and provide CCH with the requested medical records (except any records generated as a result of seeking treatment from any mental health professionals) from the time period of April 1, 2009, to present. Alternatively, Plaintiff may provide CCH with an executed authorization that would enable CCH to subpoena Plaintiff's medical records for the time period specified.

3. Attorney's fees: The request is denied. Federal Rule of Civil Procedure 37(a)(5) contains a presumption that the prevailing party on a motion to compel is entitled to expenses, including attorney's fees. *See Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786-87 (7th Cir. 1994). An award of sanctions, however, "must be proportionate to the circumstances surrounding the failure to comply with discovery." *Crown Life Ins. Co. v.*

**STATEMENT**

*Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993). Therefore, a court must not order monetary sanctions if the opposing party's "objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A)(ii)-(iii). Having considered the arguments of the parties and the fact that the court denies parts of the motion, an award of expenses would not be appropriate here.