# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5164 | **DATE** | 5/23/2012 |
| **CASE TITLE** | Garner vs. Country Club Hills et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants in part and denies in part Defendant's motion for reassignment and consolidation [47]. Pursuant to I.O.P. 13(e), this Court recommends that the Executive Committee enter an order (1) directing that the undersigned judge preside over coordinated pre-trial proceedings in Case Nos. 11-CV-5164, 11-CV-5551, 11-CV-5766, and 11-CV-8474 and (2) designating Magistrate Judge Kim to supervise a coordinated discovery process in those four cases.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

**I.   Factual Background**

On July 29, 2011, Plaintiff Michelle Garner filed the instant suit against the City of Country Club Hills pursuant to 42 U.S.C. § 1983 alleging violations of her First Amendment rights. Her claims stem from the Country Club Hills City Council meeting and vote on July 11, 2011, which resulted in budget cuts and the elimination of certain jobs. Specifically, Garner alleges that Defendants violated her First Amendment rights when they eliminated her position as an act of political retaliation following her support of the Mayor's successful re-election campaign and that she suffered physical and psychological injuries as a result. Defendants filed a motion to dismiss [38] Garner's amended complaint on October 6, 2011.

On August 15, 2011, Plaintiff Chanay Mackay filed a separate law suit, 11-CV-5551 (J. Pallmeyer), against the City of Country Club Hills pursuant to 42 U.S.C. § 1983 alleging that her position was purposefully and adversely impacted as a result of the City Counsel's July 11, 2011 budget vote and that she was discriminated against due to her gender. One week later, on August 22, 2011, Plaintiffs Wanda Comein, Henrietta Turner, Paula Smothers, Alison Brothen, and Margaret Seltzner (collectively the "Comein Plaintiffs") filed a complaint, 11-CV-5766 (J. Lefkow), against the City of Country Club Hills and Aldermen Lockett and Burris pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 2201 and 2202. They allege that they suffered reverse racial and gender discrimination as a result of the City Council's July 11, 2011 meeting, which eliminated their positions as a means of political retaliation. Finally, on November 28, 2011, Plaintiff Madeline Holland filed a complaint, 11-CV-8474 (J. Darrah), against the City pursuant to 42 U.S.C. § 1983, alleging that her position was terminated in retaliation for her support of the Mayor's reelection campaign.

Defendants argue that all four actions derive from the same set of alleged operative facts and that they raise identical and interrelated issues of fact and law, necessitating their reassignment to this Court pursuant to

# STATEMENT

Local Rule 40.4, and consolidation with this action pursuant to Fed. R. Civ. P. 42(a)(2) for the purposes of discovery and trial.

## II. Analysis

In the Northern District of Illinois, cases are randomly assigned to a district judge. L.R. 40.1. This system can lead to situations in which two or more cases that are closely related will be pending before different judges. In such an instance, Local Rule 40.4 provides a mechanism whereby parties can request that the later-filed case be reassigned to the judge who is presiding over the lower-numbered, earlier-filed case. The rule promotes efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common. To obtain reassignment of a case, a movant must first show that the case to be reassigned is "related" to a previously filed case and then demonstrate that reassignment would promote efficient use of judicial resources under four specific criteria.

To be "related," two cases must satisfy *at least* one of the four criteria laid out in Rule 40.4(a): the cases share some issues of fact or law; they involve the same property; each grows out of the same transaction or occurrence; or they involve one or more of the same classes if the motion is made in the context of multiple class action suits. See also *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, 2008 WL 1848142, at *3 (N.D. Ill. Apr. 23, 2008). Here, Defendants argue—and the Court agrees—that all four actions share some issues of fact or law and grow out of the same transaction or occurrence. Specifically, all four actions allege that Defendants violated Plaintiffs' rights following July 11, 2011 City Council meeting.

Even if two cases are found to be related, however, the moving party must also meet *each* of four criteria specified in L.R. 40.4(b) before a case will be reassigned. First, both cases must be pending in this district. Second, a substantial savings of judicial time and effort must be likely to result from the reassignment of the cases to a single judge. Third, the earlier-filed case must be at a point where designating a later-filed case would not be likely to substantially delay the proceedings in the earlier case. Fourth, the cases must be susceptible to disposition in a single proceeding. *Id*. at *3-4.

Furthermore, Fed. R. Civ. P. 42(a) "provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may (1) order a joint hearing or trial of any or all matters in the actions; (2) order all the actions consolidated; or (3) issue any other orders to avoid unnecessary costs or delay."

The Court need look no further than to the respective docket sheets to conclude that the first condition of L.R. 40.4(b) is satisfied. All four cases are pending in the Northern District of Illinois. The Court also agrees with Defendants that the third factor is satisfied. All four actions are at an early stage and reassignment would not result in a substantial delay in this action.

With respect to the second and fourth conditions, Defendants, as the moving party, bear the burden of indicating "the extent to which the conditions required by section (b) will be met if the cases are found to be related." L.R. 40.4(c)(2). On the second factor, Defendants argue that reassigning the cases will promote the conservation of judicial resources because the Defendants are the same in all four cases and many of the same witnesses and parties will need to be deposed and testify in all four cases. On the fourth factor, Defendants argue that the cases are susceptible to disposition in a single proceeding because the cases originate from the same core of facts. Plaintiffs, on the other hand, argue that while there may be some overlapping issues of law and fact, each Plaintiff brings forth claims that require a distinct factual and legal inquiry. The Court agrees with Plaintiffs; at this time, reassignment is inappropriate. Plaintiff Garner alleged that her First

## STATEMENT

Amendment rights were violated when she was harassed by Defendants Locket and Burris and that she suffered physical and psychological injuries. The Comein Plaintiffs alleged that they were targeted because of their race and gender. Mackey alleges that Defendants lowered her pay to induce her to resign from her position. And Holland alleges that her position was terminated in retaliation for her support of the Mayor's reelection campaign. Because the Plaintiffs' claims vary, it is not clear at this time whether multiple trials will be necessary to resolve the contested factual issues. See *Apostolou v. Geldermann, Inc*., 919 F. Supp. 289, 292 (N.D. Ill. 1996). Therefore, the Court is not convinced that reassigning and consolidating the cases is likely to result in a substantial savings of judicial time and effort or that the cases can be disposed of in a single disposition. *Id*.

The Court does recognize, however, that there is a strong commonality between the cases, and that it is in the interest of judicial efficiency to coordinate and consolidate the cases for the purposes of discovery pursuant to Rule 42(a). *Id*; see also *Levels v. Cannonball Express, Inc.,* 2007 WL 1266660, at *1 (S.D. Ill. 2007). Moreover, Defendants and Plaintiffs agree that coordination of discovery would be beneficial because of the significant overlap in depositions. Therefore, pursuant to I.O.P. 13(e), this Court recommends that the Executive Committee enter an order (1) directing that the undersigned judge preside over coordinated pre-trial proceedings in Case Nos. 11-CV-5164, 11-CV-5551, 11-CV-5766, and 11-CV-8474 and (2) designating Magistrate Judge Kim to supervise a coordinated discovery process in those four cases. If at a later time it appears that reassignment and consolidation is appropriate for trial, any party can file a motion requesting the court reassign and consolidate the cases for the purpose of all further proceedings. *Apostolou*, 919 F. Supp. at 292.

### III. Conclusion

For the foregoing reasons, Defendants' motion for reassignment and consolidation [47] is granted in part and denied in part. Pursuant to I.O.P. 13(e), this Court recommends that the Executive Committee enter an order (1) directing that the undersigned judge preside over coordinated pre-trial proceedings in Case Nos. 11-CV-5164, 11-CV-5551, 11-CV-5766, and 11-CV-8474 and (2) designating Magistrate Judge Kim to supervise a coordinated discovery process in those four cases.