**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Michelle Garner, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 11-cv-5164 |
| | ) | |
| THE CITY OF COUNTRY CLUB HILLS, | ) | Judge Robert M. Dow, Jr. |
| ILLINOIS, STEVEN BURRIS, Alderman of | ) | |
| The City of Country Club Hills, sued in his | ) | |
| individual capacity, JOHN EDWARDS, | ) | |
| Alderman of the City of Country Club Hills, | ) | |
| sued in his individual capacity, VINCENT | ) | |
| LOCKETT, Alderman of the City of Country | ) | |
| Club Hills, sued in his individual capacity, | ) | |
| FRANK MARTIN, Alderman of the City of | ) | |
| Country Club Hills, sued in his individual | ) | |
| capacity, CYNTHIA SINGLETON, Alderman of | ) | |
| The City of Country Club Hills, sued in her | ) | |
| individual capacity, LEON WILLIAMS, | ) | |
| Alderman of the City of Country Club Hills, | ) | |
| sued in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Michelle Garner ("Garner"), filed a seven-count lawsuit, alleging that Defendant, the City of Country Club Hills ("City"), through the actions of the City Council, violated her constitutional rights when, for purposes of political retaliation, they fired her in response to her support for the mayor during the most recent election. Before the Court is Defendant's motion to dismiss Counts IV, V, VI, and VII [38] of Plaintiff's amended complaint [31].[1] For the reasons stated below, the Court denies Defendants' motion [38].

---

[1] Counts I, II, and III have been brought against individual defendants Burris, Davis, Edwards, Lockett, Martin, Singleton, and Williams and are not at issue in this ruling.

**I.    Background**[2]

Garner was an employee of the City from May 2008 through June 2011, working first in City Hall as a front counter clerk and later for the Superintendent of Parks and Recreation as a site coordinator. Garner was also a political supporter of Mayor Welch ("Mayor" or "Welch") and worked on his April 2011 re-election campaign by going door-to-door, attending meetings, handing out campaign literature, and working the election polls. Welch was re-elected in April, and two of his former mayoral opponents retained their position as Aldermen on the City Council. Individual Defendants Alderman Burris and Alderman Lockett allegedly knew of Garner's support of the Mayor and followed and harassed her in response to her involvement. On April 29, Welch sent a letter to all city employees notifying them that certain members of City Council were planning to eliminate several positions with the city for purposes of political retaliation. After the election, the City Council Finance Committee ("Finance Committee") held meetings during which they discussed the proposed terminations and named several of Welch's supporters by name. Subsequently, the City Council passed a budget plan that included the elimination of thirteen city employees, all of whom were political supporters of the Mayor. Garner was included in these employees and was subsequently terminated in July of 2011.

Plaintiff filed the instant suit against Defendant under 42 U.S.C. § 1983 ("Section 1983") alleging First Amendment Retaliation Claims for Freedom of Speech (Count IV), Assembly (Count V), and Freedom of Association (Count VI). Plaintiff alleges that the City terminated her position in retaliation for her support of the Mayor. In addition, Plaintiff brings a claim against the City under 745 ILCS 10/9-102 for payment of any final awards (Count VII). Defendant has moved to dismiss claims IV, V, VI, and VII.

---

[2] For purposes of Defendants' motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g., Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

II.     **Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

III.    **Analysis**

Section 1983 provides that any person who, under the color of law, causes the deprivation of "any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured. . . ." 42 U.S.C. § 1983 (2006). To succeed on a § 1983 claim, Plaintiff must allege: (1) that she was deprived of a constitutional right, (2) as a result of an official municipal policy or custom, (3) which was the proximate cause of her injury. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). Plaintiff's alleges that her First Amendment constitutional rights—Freedom of Association, Assembly,

and Freedom of Speech—were violated as a result of the City's final decision makers' decision to terminate her position.[3]

### A. First Amendment Retaliation Claims – Counts IV, V, and VI

In Counts IV, V, and VI, Plaintiff argues that she was retaliated against for political beliefs in violation of the First Amendment.[4] To plead a retaliation claim, a plaintiff must allege that (1) she engaged in constitutionally protected speech and (2) the defendant's retaliation was caused by the speech. *Bd. of County Com'rs, Wabaunsee County, Kan. v. Umbehr*, 518 U.S. 668, 675 (1996); see also *Gardunio v. Town of Cicero*, 674 F. Supp. 2d 976, 989 (N.D. Ill. 2009) (citing *Roger Whitmore's Auto. Services, Inc. v. Lake County, Illinois*, 424 F.3d 659, 668 (7th Cir. 2005). If the employee is able to prove that his or her participation in a protected activity was a substantial or motivating factor in the terminal decision, the government still may avoid liability by showing that it had legitimate, non-political reasons for firing the employee. *Umbehr*, 518 U.S. at 675.

The Seventh Circuit has concluded that both endorsement of a candidate for office, *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982), and political campaigning and involvement, *Brown v. U.S. Civil Service Commission*, 553 F.2d 531, 534 (7th Cir. 1977) (quoting *Elrod,* 427 U.S. at 370–71), are politically protected expressions of speech under the First Amendment. Garner's activities—going door-to-door, attending campaign meetings, handing out campaign literature, and working the election polls—fall within the ambit of

---

[3] Municipal liability under § 1983 attaches when a policy maker takes an action that results in a lawsuit. *Reed v. Village of Shorewood*, 704 F.2d 943, 953 (7th Cir.1983) (citations omitted). A policymaker is defined as someone who is ultimately responsible for final policy decisions. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480–81 (1986). Defendants do not contest that the City Council is considered a final policy maker for the City.

[4] Unless political affiliation is reasonably required as one of the job qualifications, an employee may not be terminated for supporting or affiliating with a particular political party. *Rutan v. Republican Party of Illinois*, 497 U.S. 62, 64 (1990); see *Branti v. Finkel*, 445 U.S. 507 (1980); see also *Elrod v. Burns*, 427 U.S. 347, 381 (1976). Neither party contends that Garner's position was one that required a particular political affiliation.

protected speech and thus the Court turns to the issue of whether Garner has adequately alleged that protected speech was the cause of the retaliation.

Both circumstantial evidence, such as suspicious timing, ambiguous oral or written statements, or behavior or comments, as well as direct evidence, such as near-admissions of the actions, may serve as proof of causation. *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 551 (N.D. Ill. 2011) (internal quotations omitted). Plaintiff's complaint offers as evidence that two months after the mayoral election, Alderman Burris and Alderman Lockett, who had lost to the Mayor in the election, implemented a budget plan that included a number of terminations, all of which would result in the termination of a person who was a political supporter of the Mayor. Defendant contends that this does nothing more than prove that there are thirteen disgruntled former employees. But, as Plaintiff notes, the fact that all thirteen terminated employees were political supporters of the Mayor raises suspicion as to the motive behind the terminations. Suspicious circumstances and timing alone, however, are insufficient elements of proof to establish retaliation. *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 918 (7th Cir. 2000). Thus, in order to survive a motion to dismiss, a complaint must plead facts beyond the suspicious circumstances and timing.

In this case, Plaintiff's complaint offers several additional pieces of evidence in support of her claims: (1) a letter from the Mayor notifying employees that the aldermen were planning to fire a number of city employees for purposes of political retaliation; (2) an allegation that during budget meetings in May, the Finance Committee discussed terminating several of the Mayor's supporters by name; and (3) an allegation that two individual aldermen not only knew of Garner's involvement with Welch's campaign, but also followed and harassed her in retaliation for her contributions.

Defendant argues that Plaintiff's second[5] allegation is defective in two ways: (1) Garner does not allege that the Finance Committee explicitly stated that they were terminating the employees because of their political affiliations (as opposed to simply mentioning the two concurrently); and (2) Garner fails to connect members of the Finance Committee to the City Council by name, stating only that it is logical to infer that the Finance Committee is comprised of members of the City Council.

But as Plaintiff argues, Defendant's contention that Plaintiff must plead that the Finance Committee explicitly stated that they were terminating the employees because of their political affiliations misunderstands the pleading standard at the motion to dismiss stage. Plaintiff is not required to plead specific evidence of intent at this stage; she is only required to plead facts that if true raise the possibility of relief above a "speculative level." *E. E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d at 776; *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985) (quotations omitted) ("Because retaliation for the exercise of a constitutionally protected right rarely can be supported with direct evidence of intent that can be pleaded in a complaint, courts have found sufficient complaints that allege a chronology of events from which retaliation may be inferred."); see also *Cobbs v. Sheahan*, 319 F. Supp. 2d 865, 871 (N.D. Ill. 2004) (denying motion to dismiss where defendants argued that plaintiff's claim could not survive because she failed to allege a causal connection between the speech and the demotion because such arguments raise "detailed factual questions and are therefore better suited for a summary judgment motion.") In this case, while the connection between the Finance Committee and the City Council is vague in the complaint, it is not illogical, and the inference that Plaintiff asks the Court to draw is reasonable at the motion to dismiss stage. *Caldwell v. City of Elwood, Ind.*, 959 F.2d 670, 672-73 (7th Cir. 1992) (the court confirmed

---

[5] The Court notes that absent from Defendant's motion is any response to Plaintiff's contention that the Mayor sent a letter notifying employees that the aldermen were planning to fire a number of city employees for purposes of political retaliation.

that reasonable inferences can and should be drawn during the pleading stage so long as they do not attempt to bridge illogical gaps.); *Kodish v Oakbrook Terrace Fire Protection Dist.,* 604 F.3d. 490, 501-502 (7th Cir. 2010) (stating that causal connections may be proven, not only by direct evidence, but also "circumstantial evidence which suggests discrimination through a longer chain of inferences.").

Finally, Defendant argues that knowledge of individual members of the City Council cannot be imputed to the entire board, and thus Garner has failed to allege facts that lead to the conclusion that the City Council as a whole was aware of her involvement with Welch's campaign. Defendant relies primarily on *Massey v. Johnson*, 457 F.3d 711, 718 (7th Cir. 2006), in support of its contention. In *Massey*, the court refused to impute motive from one supervisor to another because the prior supervisor who allegedly had motive for retaliation was removed from the chain of command and had no contact or power over the supervisor responsible for terminating the individual. *Id*. *Massey* is distinguishable, however, because the court reached its decision at the summary judgment stage, not at the motion to dismiss stage.

In fact, all of the decisions that Defendant cites in support of its argument that courts refuse to impute knowledge or motive between defendants were issued at the summary judgment phase. See *Land v. Kaupas*, 2009 WL 3187788 (N.D. Ill. Sept. 30, 2009); see also *Napoli v. Bd. of Trustees of Thornton Cmty. Coll.*, 1986 WL 6263 (N.D. Ill. May 23, 1986). But at the pleading stage, Rule 8 does not require Plaintiff to prove factual support for allegations, nor plead direct evidence of the causation element of a First Amendment retaliation claim. *Benson v. Cady*, 761 F.2d at 342 (7th Cir. 1985) (internal quotations omitted); *Cobbs v. Sheahan*, 319 F. Supp. 2d 865, 871 (N.D. Ill. 2004); see also *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, (1977); *Hartman v. Moore*, 547 U.S.

250, 260, (2006) (accepting evidence in a retaliation case of the motive and of discharge as sufficient proof of causation).

Accordingly, the Court concludes that the evidence included in Plaintiff's complaint—(1) that Alderman Burris and Lockett, through their positions on the City Council, terminated thirteen employees who were political supporters of the Mayor, including Plaintiff, for purposes of political retaliation; (2) that the Mayor wrote a letter warning employees of the planned retaliation; (3) that during a recent Finance Committee meeting, members discussed the terminations and mentioned the Mayor's supporters by name; and (4) that individual aldermen knew of Garner's political activity—is sufficient to survive Defendant's motion to dismiss.  While it is possible that discovery may belie these allegations, accepting the facts pled as true and drawing reasonable inferences in the light most favorable to the Plaintiff—as the Court must at this time—Plaintiff's allegations raise the possibility of relief above a speculative level.

### B. State Claim – Claim VII

Because the Court now denies Defendant's motion as to Claims IV, V and VI, and neither Defendant nor Plaintiff addressed Claim VII in their respective briefs, the Court also denies Defendant's motion as to Claim VII. .

## IV. Conclusion

For the foregoing reasons, the Court denies Defendants' Motion to Dismiss [38].

Dated:  July 23, 2012    _____
　　　　　　　　　　　　　　　　　　Robert M. Dow, Jr.
　　　　　　　　　　　　　　　　　　United States District Judge