# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Robert M. Dow, Jr. | **Sitting Judge if Other than Assigned Judge** | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5164 | **DATE** | August 23, 2012 |
| **CASE TITLE** | Garner vs. The City of Country Club Hills, Illinois et al | | |

**DOCKET ENTRY TEXT**

Motion hearing held. Plaintiff's motion to compel [103] is denied without prejudice. Based on the parties' discussion with the court in open court, the parties were able to reach an agreement to resolve the issues raised in the motion. Plaintiff's motion to compel [104] is granted in part and denied in part as detailed below for the reasons stated in open court. Status hearing held and continued to October 4, 2012, at 11:00 a.m. Defendant City has until September 17, 2012, to comply with the terms of this order. And, as ordered during the last status hearing, Defendant City is directed to provide all information to all parties in the related cases (11 CV 5164, 11 CV 5551, 11 CV 5766, and 11 CV 8474). To ensure that counsel from each of the related cases receives notices of electronic filings in these cases, the clerk's office is directed to add a "Service List" and link the appropriate attorneys of record in the related cases to the "Service List." Finally, the named individual defendants in this case failed to appear again.

■[ For further details see text below.]   Notices mailed by Judicial staff.

# STATEMENT

As to Plaintiff's motion to compel [103], the parties were able to reach an agreement in open court. To address the issues raised in the motion, Defendant City is willing to, as urged by the court, prepare a comprehensive table listing all City Council meetings, budget meetings, budget hearings, and finance committee meetings held from January 1, 2011, to present. The table must provide the following information for each meeting listed on the table: (1) date of the meeting; (2) nature of the meeting; (3) whether minutes or notes from the meeting are available; (4) names of City officials attending the meeting; (5) whether an A/V recording of the meeting is available; (6) location of the meeting; and (7) whether a copy of the meeting minutes or a recording of the meeting has been produced. The court suggested in open court that the City need not identify the names as required in column (4) if the minutes are available for production. However, unless the City is willing and able to produce all of the minutes or notes available, the City should list the names as this information will assist the attorneys representing Plaintiffs in all four of the related cases to limit their request for copies of the minutes or notes. The City would provide access to any of the minutes and recordings listed on this table but Plaintiffs would be responsible for paying the fees the City would normally charge the public for providing access to these recordings pursuant to a FOIA request. Plaintiffs must also coordinate their requests so that the City is not responding to multiple attorneys and multiple requests for these minutes and recordings.

As to Plaintiff's motion to compel [104], the motion is granted in part and denied in part. Pursuant to the agreement reached and detailed above, the motion is denied as to Plaintiff's demand for meeting minutes. The motion is also denied as it pertains to budget documents. The motion is granted as to Interrogatories 8 and 13.

| STATEMENT |
|---|
| The City is ordered to provide the process it follows for identify positions to be eliminated as part of its budgeting process. The City is also ordered to identify those individuals responsible for selecting the positions to be eliminated as part of the 2011 budgeting process and the individuals who voted on the budget that required the elimination of these positions in 2011. The motion is denied as to the privilege log as the City has agreed to provide such a log. |