# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHELLE GARNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 11-cv-05164 |
| ) | |
| THE CITY OF COUNTRY CLUB HILLS, ) | Judge Robert M. Dow, Jr. |
| ILLINOIS, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| WANDA COMEIN, HENRIETTA TURNER, ) | |
| PAULA A. SMOTHERS, ALISON BROTHEN, ) | |
| MARGARET A. SELTZNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 11-cv-05766 |
| ) | |
| THE CITY OF COUNTRY CLUB HILLS, ) | Judge Joan H. Lefkow |
| ILLINOIS, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are motions to amend complaints in two separate cases ([162] in No. 11-cv-5164, and [120] in No. 11-cv-5766), which have been consolidated for pre-trial proceedings. For the reasons set forth below, both motions are granted.

I. Background

On July 29, 2011, Michelle Garner ("Garner") filed a complaint [1] in case No. 11-cv-05164. On September 14, 2011, she filed a first amended complaint [31]. The complaint alleges that the City of Country Club Hills, Illinois ("the City") and seven Aldermen terminated her employment with the City in violation of state law and her First Amendment rights. On August 22, 2011, Wanda Comein, Henrietta L. Turner, Paula A. Smothers, Alison Brothen, and Margaret A. Seltzner (collectively, "the Comein Plaintiffs") filed a similar complaint [1] in case No. 11-cv-5766 against the City and two of the same Aldermen – Steven Burris ("Burris") and Vincent Lockett ("Lockett") – alleging violations of their First and Fourteenth Amendment rights and violations of Title VII of the Civil Rights Act of 1964. Plaintiffs in both cases allege that the Aldermen terminated their employment with the City in retaliation for their support of the City's current mayor, Dwight Welch ("Mayor Welch"), in the previous election. Because of the similarity of the allegations made by Garner and the Comein Plaintiffs, the cases were consolidated for pre-trial proceedings. Magistrate Judge Kim has been coordinating the discovery efforts of the parties, including deposition schedules. See [137] in case No. 11-cv-05164.

Both Garner and the Comein Plaintiffs allege that their jobs were eliminated by the Aldermen at City Council finance committee meetings, at which the Defendants decided to fire Mayor Welch's supporters. Although Plaintiffs were told that their positions were terminated because of budgetary constraints, Plaintiffs allege that that the real reason for the layoffs was political retaliation in violation of their Constitutional rights. As one would expect, Plaintiffs sought discovery related to these budget meetings, although their efforts purportedly were met

with resistance from Defendants. As a result, Plaintiffs filed several motions to compel documentation that memorialized these meetings, including written minutes and audio recordings. On August 7, 2012, for instance, Garner filed a motion to compel [103], in which she highlighted the City's refusal to comply with her Second Request for the Production of Documents relating to these meetings. Judge Kim ordered Defendants to produce a table listing all City Council, budget, and finance meetings during the relevant time period, and to indicate whether or not written minutes or an audio recording of the meeting existed. After continued resistance from Defendants, Garner filed a similar motion to compel [128] on February 21, 2013. Garner withdrew this motion [131] after Defendants promised to comply with their discovery obligations. Nevertheless, Garner then filed an emergency motion to compel and for sanctions against Defendants [142] on March 13, 2013, after Defendants failed to make good on the promises that spurred Garner's withdrawal of her earlier motion to compel.

Discovery closed on July 30, 2013. Shortly before that, on July 12, 2013, Garner filed a motion to amend ([162] in case No. 11-cv-5164) her complaint, seeking to add counts for negligent evidence spoliation against Burris and the City. On September 4, 2013, the Comein Plaintiffs filed a similar motion to amend ([120] in case No. 11-cv-5766), seeking to add the same counts to their complaint. Plaintiffs assert that testimony elicited in depositions of City employees, including Alderman Burris, that took place in late June and early July 2013 form the basis of these claims. Specifically, Plaintiffs represent that Burris testified that he intentionally destroyed at least one highly-relevant document. Moreover, several City employees, including those tasked with the maintenance of City Council meeting minutes, were unable to explain why minutes from numerous meetings were either missing or nonexistent, despite testimony that the City has an affirmative obligation to maintain such minutes. Plaintiffs argue that these

revelations established the basis for their belief that Burris and the City negligently spoliated evidence in this case, such that Plaintiffs could not have brought these claims in good faith prior to these depositions. Plaintiffs imply that if, instead, Defendants' deposition testimony suggested an innocent (non-negligent) explanation for the missing evidence, they would not have filed these motions to amend.

In opposing Plaintiffs' motions, Defendants argue that Plaintiffs were on notice of both Defendants' duty to maintain meeting minutes and of their potential breach of that duty well before the June/July 2013 depositions. Defendants contend that state and federal laws requiring the maintenance of these minutes put Plaintiffs on notice of Defendants' obligation to maintain them, and that their motions to compel demonstrate that Plaintiffs suspected a breach of this duty as early as August 2012. Defendants ask the Court to deny Plaintiffs' motions on account of what they characterize as undue delay in bringing these motions, coupled with the fact that discovery was closed (in the case of the Comein Plaintiffs) or nearly closed (in the case of Garner) when they filed their motions to amend. Further, Defendants argue that they will suffer prejudice if the Court allows Plaintiffs' amendments. According to Defendants, because they have litigated these cases for two years without allegations of evidence spoliation in mind, these new allegations will necessitate additional discovery. Finally, Defendants contend that Garner's amendments should be denied, because she fails to state a claim and are, thus, futile.

Garner argues that her repeated motions to compel this evidence should have put Defendants on notice of the potential for a spoliation claim and, in any event, Defendants easily can obtain whatever additional information they may need to defend these claims, since the witnesses with relevant information regarding the creation and maintenance of meeting minutes

necessarily would be City employees.  Finally, Garner argues that because employees of the City have already admitted that "the City failed in its duty to preserve evidence," she "does not anticipate the need to depose any other witnesses or issue written discovery."  Similarly, the Comein Plaintiffs contend that neither they nor Defendants should require additional discovery because both "were free to explore this issue during discovery, and indeed Plaintiffs did ask questions about lack of minutes . . . Defendant counsel likewise . . . did ask question about the lack of minutes."

**II.     Analysis**

Plaintiffs may amend their pleadings only with Defendants' consent or the Court's leave.  Fed. R. Civ. P. 15(a)(2).  Courts should "use their discretion under Rule 15(a) to liberally grant permission to amend pleadings so long as there is not undue prejudice to the opposing party or undue delay, bad faith or dilatory motive on the part of the movant."  *Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007).  A motion to amend a pleading should also be denied when the amendment would be futile.  *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002)).  "Delay on its own is usually not reason enough for a court to deny a motion to amend."  *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008).  "But 'the longer the delay, the greater the presumption against granting leave to amend.'"  *Id.* (quoting *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994)).  The party seeking to amend has the burden of showing that undue prejudice will not result to the non-moving party.  *King*, 26 F.3d at 724.  Ultimately, "the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court."  *Id.* (quoting *Brunt*, 284 F.3d at 720).

After considering the parties' arguments, the Court will permit both Garner and the Comein Plaintiffs to amend their complaints and add their claims for negligent evidence spoliation. The Court does not believe – and Defendants do not suggest – that Plaintiffs filed these motions in bad faith or with dilatory motive. Additionally, the Court concludes that Plaintiffs have not unduly delayed in bringing these motions. Even if Defendants are correct that state and federal laws put Plaintiffs on notice of Defendants' duty to maintain these records, Plaintiffs did not have a good faith basis that Defendants breached this duty until they deposed the relevant witnesses in late June and early July of 2013. It was only then that Plaintiffs had a basis for charging that Burris had intentionally destroyed at least one highly relevant document. And it was then that Plaintiffs could confirm that (1) the Defendants' failure to produce the sought-after discovery was due to the nonexistence of the records and (2) the City lacked an adequate justification for failing to maintain them. Plaintiffs may have *suspected* spoliation when Defendants repeatedly failed to produce the evidence at issue during the discovery period, but it would have been premature to bring a lawsuit over these claims based only on Defendants' resistance and/or failure to produce the records. Garner brought her motion to amend on July 12, 2013, almost immediately following the relevant depositions. The Comein Plaintiffs waited two months to bring their motion, which they filed on September 4, 2013. But the Court does not consider this two-month delay to be "undue," and regardless, the case law is clear that delay alone usually is not enough to deny a motion to amend. See *Soltys*, 520 F.3d at 743.

The Court determines that amending the complaints will not cause Defendants undue prejudice. Additional discovery may be needed, as Defendants contend, but that discovery will be minimal, limited in scope, and readily available to Defendants through City employees. Garner has represented that she does not anticipate the need for additional discovery, and the

Court trusts that the Comein Plaintiffs take a similar position in light of their argument that neither Plaintiffs nor Defendants should need additional discovery since both "were free to explore this issue during discovery."

The Court is unpersuaded by Defendants' argument that Garner's evidence spoliation claims are futile. The Illinois Supreme Court has set forth the elements necessary for a spoliation of evidence claim, which must be stated under ordinary negligence theories. See *Boyd v. Travelers Ins. Co.*, 166 Ill.2d 188, 209 (Ill. 1995). Accordingly, those elements are (1) duty, (2) breach, (3) causation, and (4) damages. *Id.* Defendants argue that Garner's motion to amend should be denied, because she has not sufficiently alleged causation and, therefore, her amended claims would not survive a motion to dismiss. Defendants rely on *Denton v. Northeast Ill. Regional Commuter R.R. Corp.*, 2004 WL 1005790 at *4 (N.D. Ill. Apr. 26, 2004), a case that denied a plaintiffs' motion to amend their complaint to add evidence spoliation claims because plaintiffs failed to allege that "but for the loss or destruction . . . [plaintiffs] would have had a reasonable probability of succeeding in the underlying suit." Put another way, the *Denton* court determined that plaintiffs failed to plead causation because they did not allege that "the unavailable evidence . . . was the key piece of evidence." *Id.* Unlike in *Denton*, that is exactly what the Garner and the Comein Plaintiffs allege here. At bottom, Plaintiffs believe that these missing meeting minutes help prove their case by demonstrating that Plaintiffs were terminated for improper reasons, and not because of budgetary constraints as the Defendants claim. Minutes and recordings of these meetings are not just "the key" piece of evidence, but arguably the *only* evidence of what transpired at these meetings, outside of the testimony of the Aldermen named as Defendants. As such, the Court determines that Plaintiffs' have sufficiently pleaded causation, and their claims are not futile.

In the end, prejudice by way of additional discovery costs is the only countervailing consideration before the Court in deciding whether to grant or deny the motions. But for the reasons discussed above, any prejudice to the Defendants from granting the motions is not undue and does not override the liberal thrust of Rule 15. Accordingly, Garner and the Comein Plaintiffs' motions to amend their complaints are granted.

To the extent the parties believe that additional discovery is needed, they are instructed to confer among themselves, attempt to come to an agreed proposal on how to proceed, and advise Magistrate Kim at their next status hearing on January 28, 2014.

**III. Conclusion**

For the reasons stated above, Garner's motion to amend her complaint ([162] in case No. 11-cv-5164) and the Comein Plaintiffs' motion to amend their complaint ([120] in case No. 11-cv-5766) are granted.

Dated: December 20, 2013

_____
Robert M. Dow, Jr.
United States District Judge